989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Julian Roger SANCHEZ, Appellant,
v.
E. W. MORRIS; Federal Bureau of Prisons, Appellees.
Julian Roger SANCHEZ, Appellant,
v.
E. W. MORRIS; Federal Bureau of Prisons, Appellees.
 No. 92-3219.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 16, 1993.
Filed: February 26, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Julian Roger Sanchez, a federal inmate, appeals from the District Court's[1] grant of summary judgment for defendants in his Bivens and Federal Tort Claims Act action. We affirm.
 
 
 2
 Sanchez alleged below that, shortly after he was sentenced for drug offenses, he was transferred without a hearing to the "mental ward" at the United States Medical Center for Federal Prisoners at Springfield, Missouri (Springfield). Sanchez claimed that this transfer violated his due process rights as established in Vitek v. Jones, 445 U.S. 480, 494 (1980) (holding state may not transfer inmate to mental hospital for involuntary treatment without procedural due process safeguards). Sanchez also claimed that, while at Springfield, the staff administered shock treatments and drugs against his will, and that these acts caused chronic sleeplessness, drug dependence, anxiety, and forgetfulness. Sanchez sought money damages.
 
 
 3
 Defendants moved for summary judgment, supporting their motion with various documents. Defendants asserted that the sentencing court had requested that Sanchez be transferred to Springfield or a similar medical center for an evaluation of his left knee for possible surgery, and a psychological evaluation to probe suicide threats that Sanchez had made. Defendants also asserted that the Springfield staff had determined that knee surgery was unnecessary at that time and found Sanchez "competent" and suitable to be housed in the general population. Defendants noted that Sanchez had been transferred subsequently to a non-medical institution. In one of the declarations attached to the summary judgment motion, James S. Anthony, Ph.D., a clinical psychologist employed by the Bureau of Prisons, stated that the Bureau had never used shock therapy in any capacity. Anthony also stated that Sanchez's use of a drug to counter his sleeplessness was purely voluntary.
 
 
 4
 We conclude that the District Court correctly granted summary judgment to defendants. We have rejected previously Sanchez's argument that Vitek requires that an inmate receive a hearing prior to a transfer for the purpose of a psychological evaluation.
 
 
 5
 United States v. Jones, 811 F.2d 444, 448 (8th Cir. 1987). We also conclude that Sanchez's claims involving alleged shock treatment and forced medication fail because Sanchez submitted no evidence supporting these claims or rebutting Anthony's declarations that such treatments were not given.
 
 
 6
 We do not address the new claims Sanchez raises for the first time on appeal because he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). We deny Sanchez's pending motion to dismiss the case in part.
 
 
 7
 Accordingly, we affirm the decision of the District Court.
 
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota